UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT WATSON,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE JOSEPH KAMEEN, et al.,<br><br>Defendants | CIVIL ACTION NO. 3:15-CV-01060<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Plaintiff Vincent Watson, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). For the reasons provided herein, Plaintiff's complaint be dismissed without prejudice.

**I. BACKGROUND**

On May 29, 2015, *pro se* Plaintiff Vincent Watson filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against Judge Joseph Kameen and Judge Gregory Chelak. (Doc. 1). Watson has attached 139 pages of supporting documents to his complaint, which shed light on the sparse allegations contained within the complaint. This action arises from an ongoing child custody dispute between Watson and the mother of his minor children. It appears that Watson challenges the denial of his petition for emergency custody of his children, and well as his petitions for modification of custody. He has appealed the denial of his most recent petition for modification of custody on the basis that the mother of his children, who has been awarded primary physical custody of the children, has engaged in "continuous criminal activities in which she was arrested on [November 13, 2013] for retail theft." (Doc. 1-1, at 86). Watson alleges that the above-captioned Defendants were "discriminatory" and "judgmental" in their adjudication of his underlying custody dispute. (Doc. 1, at 1). He also alleges that there was a

"conflict of interest," with respect to these defendants, though he does not articulate what the conflict was. (Doc. 1). He seeks to have his "civil lawsuit be granted for all the emotional and mental stress [he] had to go through." (Doc. 1, at 2).

## II. Section 1915A Standard

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III. DISCUSSION

#### A. *YOUNGER* ABSTENTION

As an initial matter, the Court considers whether it is required to abstain under *Younger v. Harris*, 401 U.S. 37 (1971).[1] "Abstention under *Younger* is appropriate where certain state law proceedings are pending, including some domestic relations disputes." *Dixon v. Kuhn*, 257 Fed. Appx. 553, 555 (3d Cir. 2007) (citing *Yang v. Tsui*, 416 F.3d 199 (3d Cir. 2005)). In order for a district court to abstain under *Younger*, three criteria must be met: "(1) ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to present federal claims." *Dixon*, 257 Fed. Appx. at 555 (citation omitted). "The *Younger* doctrine is based on comity and the notion that comity makes it undesirable to permit a party access to a federal court when he is currently involved in state proceedings where he can secure an adjudication of his constitutional claim." *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 844 (3d Cir. 1996).

---

[1] The Court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Phila.*, 32 F.3d 785, n.1 (3d Cir. 1994).

4

Based on his pleadings, Watson meets the first prong, as the state proceedings with respect to his child custody modification proceedings are "ongoing," and "require the state court's continuing participation." *Jones v. Pa. Dep't of Pub. Welfare*, No. CIV.A. 03-CV-3610, 2004 WL 1175808, at *4 (E.D. Pa. May 27, 2004); *see also Stefanov v. Ross,* No. 12–0472, 2013 WL 3754819, at *5 (M.D. Pa. July 15, 2013) ("It is reasonable to conclude that custody proceedings must also be viewed as a whole, rather than as individual, [discrete] hearings.") (citing *Anthony v. Council,* 316 F.3d 412, 420-21 (3d Cir. 2003)). The Pennsylvania Superior Court has repeatedly held that:

> [c]hild custody orders are temporary in nature and always subject to change if new circumstances affect the welfare of a child. The Commonwealth has a duty of paramount importance, to protect the child's best interests and welfare. To that end, it may always entertain an application for modification and adjustment of custodial rights.

*Arnold v. Arnold,* 847 A.2d 674, 677 (Pa. Super. Ct. 2004) (citation omitted). Indeed, "[u]nlike other judgments or decrees, an order of custody is a unique and delicate matter. It is never final, but is considered temporary in nature, subject to constant review and modification." *Friedman v. Friedman,* 307 A.2d 292, 295 (Pa. Super. Ct. 1973); *see also Mikhail v. Kahn*, 991 F. Supp. 2d 596, 623 (E.D. Pa. 2014) *aff'd,* 572 F. App'x 68 (3d Cir. 2014) (citing 23 Pa. Cons. Stat. Ann. § 5338(a) ("Upon petition, a court may modify a custody order to serve the best interest of the child."); 23 Pa. Cons. Stat. Ann. § 5323 ("The court may issue an interim award of custody."); 23 Pa. Cons. Stat. Ann. § 5422 ("[A] court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination.")). Moreover, the exhibits attached to Plaintiff's

complaint reveal that he has filed an appeal of the denial of his petition for modification as of March 26, 2014. (Doc. 1-1, at 86). Accordingly, the first prong is satisfied.

With respect to the second prong, "family relations[, including state child custody actions,] are a traditional area of state concern." *Moore v. Sims,* 442 U.S. 415, 435 (1979); *see also Wattie-Bey v. Attorney General's Office*, 424 F. App'x 95, 97 (3d Cir. 2011) (citing *Winston v. Children & Youth Servs.,* 948 F.2d 1380, 1399 (3d Cir. 1991) (Garth, J. dissenting) (observing that "Pennsylvania . . . clearly has a strong interest in administering its child welfare procedures and in adjudicating controversies that arise from that administration")). As Watson appears to contest the current child custody arrangement, a function particular to the state court that has the authority to modify child custody orders, the second prong is satisfied.

Third, there is no suggestion that Watson does "not appear unable to raise [his] claims and obtain relief in the state proceedings, at least insofar as [he] seek[s] declaratory relief and an injunction against future proceedings due to the alleged constitutional infirmity of . . . the custody proceedings generally." *Wattie-Bey*, 424 F. App'x at 97. Indeed, the presumption is that "[s]tate courts are every bit as competent to deal with the [plaintiff's] claims . . . as are the federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution." *Mikhail*, 991 F. Supp. 2d at 629 (quoting *Lui v. Comm'n on Adult Entm't Establishments,* 369 F.3d 319, 326 (3d Cir. 2004)). Specifically, "[t]here is no bar in custody proceedings to a parent's raising his federal constitutional rights. In fact, Pennsylvania courts have entertained such claims in custody cases." *Mikhail*, 991 F. Supp. 2d at 629; *see also Schmehl v. Wegelin,* 927 A.2d 183, 187 (2007) (addressing an equal protection challenge); *Everett v. Parker,* 889 A.2d 578, 580 (Pa. Super. Ct. 2005) (addressing a due process

challenge); *Jackson v. Garland,* 622 A.2d 969, 971 (1993) (addressing Fourteenth Amendment claim). Accordingly, the third requirement is satisfied.

Finally, this Court must evaluate whether an exception to the *Younger* doctrine applies to the instant matter. The Third Circuit has established that:

> Even when the[ ] three [*Younger*] requirements are met, it is inappropriate to abstain . . . if the plaintiff establishes that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted."
>
> *Schall v. Joyce,* 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex Cnty. Ethics Comm.,* 457 U.S. 423, 435 (1982)).

Here, Watson cannot establish that his custody proceedings were adjudicated in bad faith or with an intention to harass. Moreover, Watson cannot "demonstrate the existence of any extraordinary circumstances which would prevent this Court from deferring to the state court proceedings." *Van Tassel v. Lawrence Country Domestic Relations Section,* No. CIV. A. 09-266, 2009 WL 2588815, at *5 (W.D. Pa. Aug. 19, 2009). Accordingly, to the extent Watson seeks federal intervention into his underlying custody proceedings, this Court must dismiss Watson's claims [2] on the basis that the *Younger* doctrine requires abstention.

---

[2] Watson does not explicitly indicate whether he seeks injunctive relief or an award of money damages. Nevertheless, the Court notes that the Third Circuit has not extended the *Younger* abstention doctrine to a plaintiff's claims for money damages. *See Marran v. Marran,* 376 F.3d 143, 155 (3d Cir. 2004).

B. CLAIMS AGAINST JUDGE JOSEPH KAMEEN & JUDGE GREGORY CHELAK

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "[S]o long as the (1) the judge's actions were taken in his judicial capacity (determined by the nature of the acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them." *Mikhail*, 991 F. Supp. 2d at 660 (citing *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 768 (3d Cir. 2000). Indeed, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam) (quoting *Bradley*, 80 U.S. at 347).

All of the allegations in the complaint regarding Judge Kameen and Judge Chelak relate to actions taken by these judges with respect to their disposition, as presiding judges, of state court proceedings involving child custody. No facts are set forth in the complaint demonstrating that these judges' actions were taken in clear absence of all jurisdiction.[3] *See Stump*, 435 U.S. at

---

[3] "Although a judge is not immune from suit for actions taken in the clear absence of
*(footnote continued on next page)*

356–57; *Azubuko*, 443 F.3d at 303. While Watson alleges that these judges are "discriminatory, [have] conflict[s] of interest, and [are] judgmental," such allegations would deprive these judges of immunity. (Doc. 1, at 1); *see, e.g., Mireles,* 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice. . . ."); *Pett v. Crandall*, No. 6:14-CV-682 GLS/ATB, 2014 WL 3105821, at *3 (N.D.N.Y. July 7, 2014) ("[E]ven if the judge acted maliciously, corruptly, or with a conflict of interest, this would be insufficient to overcome judicial immunity."). Accordingly, judicial immunity forecloses Watson's claims against Judge Joseph Kameen and Judge Gregory Chelak to the extent he seeks monetary relief.[4]

### IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. In this case, it is not clear that amendment would be futile as to the claims or the defendants named in the caption of the

---

jurisdiction, [the Third Circuit] has held that 'a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of h[is] court.'" *Lepre v. Lukus*, No. 14-1475, 2015 WL 525663, at *3 (3d Cir. Feb. 10, 2015) (quoting *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 768–69, 771 (3d Cir. 2000)). However, the orders attached as exhibits to the complaint reveal that these judges were not acting in the "clear absence of all jurisdiction." Accordingly, the claims against these judges must fail.

[4] As an aside, to the extent Watson sets forth a claim for injunctive relief as against Judge Joseph Kameen and Judge Gregory Chelak, such a claim must also fail. Specifically, § 1983 provides in relevant part:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

As Watson has not alleged that a declaratory decree was violated or that declaratory relief was unavailable, his claim for injunctive relief is barred. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

complaint. Accordingly, the Court will grant Plaintiff leave to file a curative amended complaint.

## V. CONCLUSION

Based on the foregoing, Plaintiff's complaint (Doc. 11), will be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff will be granted leave to amend his complaint within thirty (30) days following the dismissal of his complaint.

An appropriate Order will follow.

**BY THE COURT:**

**Dated: August 25, 2015**           *s/ Karoline Mehalchick*
                                   **KAROLINE MEHALCHICK**
                                   **United States Magistrate Judge**