# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCENT WATSON,** : | **CIVIL ACTION NO. 3:15-1060** |
| **Plaintiff,** : | |
| : | **(JUDGE MANNION)** |
| v. : | |
| **JUDGE JOSEPH KAMEEN, et al.,** : | |
| **Defendants.** : | |

## MEMORANDUM

Pending before the court is an amended complaint, (Doc. 7), filed by the *pro se* plaintiff, Vincent Watson. Also before the court is a report from Judge Karoline Mehalchick, (Doc. 8), which recommends that the plaintiff's amended complaint be dismissed with prejudice for failure to state a claim and based on judicial immunity.

By way of relevant background, the plaintiff commenced this civil rights action by filing a complaint pursuant to 42 U.S.C. §1983, (Doc. 1), as well as a motion for leave to proceed *in forma pauperis*, (Doc. 2), on May 29, 2015. On August 25, 2015, Judge Mehalchick issued a memorandum and an order and dismissed plaintiff's complaint but afforded him 30 days to file an amended complaint. (Docs. 5, 6). On September 22, 2015, plaintiff filed an amended complaint. (Doc. 7). Judge Mehalchick then screened plaintiff's amended pleading as required. *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604

(3d Cir. 2009); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002) (28 U.S.C.§1915(e)(2) obligates the court to engage in a screening process when a person wishes to proceed *in forma pauperis* and it applies to all *in forma pauperis* complaints, and not just to prisoners). On October 15, 2015, Judge Mehalchick issued her report recommending dismissal of this case with prejudice. (Doc. 8). Plaintiff did not file objections to the report and the time to do so has expired.

As defendants, plaintiff names Pike County Court of Common Pleas Judges Joseph Kameen and Gregory Chelak as well as Pike County. According to the amended complaint, plaintiff Watson has two minor children with Patricia Watson Hamilton who was awarded primary physical custody by the Pike County Court. This action stems from an ongoing child custody dispute between plaintiff and Hamilton. Plaintiff is challenging the denials of his petition for emergency custody of his children and his petitions for modification of custody by the county court. He appealed the denial of his latest petition for modification of custody alleging that Hamilton engaged in repetitive criminal activities and was recently arrested, and that his son was not being properly cared for since he is now confined in a juvenile detention center. Plaintiff alleges that the judicial defendants were discriminatory with respect to their decisions in his custody

proceedings. In particular, plaintiff alleges that the judges discriminated against him based on his appearance, including his lengthy dreadlocks and dreaded beard, as well as his Rastafarian religious beliefs. Plaintiff also alleges that Judge Kameen has a conflict of interest regarding his custody proceedings since this judge granted Hamilton a protection from abuse ("PFA") order in the past.

Attached to his amended complaint, plaintiff provides copies of his petitions for modification of custody as well as a September 2015 newspaper article regarding Hamilton's arrest in Coolbaugh Township and a copy of her Monroe County Criminal Docket.

As relief, plaintiff seeks monetary damages "in the amount of $5.5 million dollars for all the pain and suffering [he] had to endure since 2010,from both Judges." Plaintiff states that he has included Pike County as a defendant since both judges work for the county.

In her report, Judge Mehalchick first recommends that the court is required to abstain under [Younger v. Harris, 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971)](), to the extent plaintiff seeks federal intervention into his underlying custody proceedings, and she thoroughly examines the three requirements to invoke the doctrine. She also finds that none of the exceptions to the *Younger* doctrine apply in this case. The court agrees with Judge

Mehalchick's determinations. The doctrine of *Younger v. Harris* recognizes the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances. 401 U.S. at 41. The doctrine is based on principles of comity, federalism, and a respect for vital state interests. *Id*. at 44, 91 S.Ct. at 750. Although the doctrine has its roots in cases seeking to enjoin criminal prosecutions, it is equally applicable to civil actions. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."); Juidice v. Vail, 430 U.S. 327, 335-36 (1977) (noting that the salient fact for abstention purposes is whether "federal-court interference would unduly interfere with the legitimate activities of the state," rather than the label of the state proceeding as civil, quasi-criminal, or criminal in nature).

The court also finds that it cannot grant any relief seemingly sought by plaintiff which would overturn and nullify state court decisions regarding the custody of his children. Such an action is barred by *Rooker-Feldman*. Insofar as plaintiff's amended complaint appears to seeks this court to reverse valid state-court judgments in his custody proceedings, any review of those state court decisions is barred by the *Rooker-Feldman* doctrine. That doctrine applies when

a losing party in state court seeks "review and rejection of those judgments" in a later action filed in a federal district court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). When a plaintiff seeks that type of relief, the court lacks subject matter jurisdiction and the complaint must be dismissed. *Id.* at 292 (*citing District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)); Smith v. Laster,787 F.Supp.2d 315, 318-19 (D. Del. 2011) ("[F]ederal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.") (citations omitted).

Judge Mehalchick also found that the two judicial defendants are entitled to absolute immunity from suit. Judges Kameen and Chelak are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); Stump v. Sparkman, 435 U.S. 349, 356–67, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Clark v. Conahan, 737 F.Supp.2d 239, 255-256 (M.D.Pa. 2010). "Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages." Smith v. Laster,787 F.Supp.2d at 319 (citing Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). Thus, despite plaintiff's allegations that the judges

discriminated against him and had conflicts of interest with respect to their custody decisions, made within their jurisdiction, they are still entitled to immunity. "A judge is entitled to immunity even where 'the action he took was in error, was done maliciously, or was in excess of his authority.'" Smith v. Laster,787 F.Supp.2d at 319 (citing Stump v. Sparkman, 435 U.S. at 356–67).

As her last finding, Judge Mehalchick states that plaintiff's amended complaint fails to state a cognizable claim against Pike County. The court agrees. Since plaintiff names Pike County as one of his defendants, he must properly state a claim of municipal liability under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The defendant Pike County is a municipal agency and the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County,* 639 F.Supp.2d 566 (E.D. Pa. 2009). The defendant County cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior. Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009). In order for plaintiff to successfully allege a constitutional claim under §1983 against Pike County, he must raise a *Monell* claim alleging that the County is a governmental entity and thus a "person" under §1983 and, alleging that either a policy or lack of policy of the County led to the violation of his constitutional rights. *See Monell v. New*

6

*York Dept. of Social Servs.*, *supra*; Kokinda v. Breiner, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008). Thus, defendant County "[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted). Plaintiff merely states that he named Pike County as a defendant since the two judges work for the county. However, judicial actions of common pleas judges have been found not to be made by county actors, rather they are made by state actors. Wallace v. Powell, 2009 WL 6850318 (M.D.Pa. 2009). (See Doc. 8-1, at 21).

Finally, the court agrees with Judge Mehalchick that there is no basis to believe that plaintiff will be able to cure the defects in his amended complaint if granted a second opportunity to amend. *See* Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) ("If a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.") (citation omitted). As stated, no objections have been filed by plaintiff to Judge Mehalchick's report.

When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern.,

Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d. Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

    The court has reviewed each of the recommended bases provided by Judge Mehalchick for dismissing the amended complaint for failure to state a claim, and for denying leave to amend. Because the court agrees with the sound reasoning that led Judged Mehalchick to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall follow.

                                         s/ *Malachy E. Mannion*
                                      **MALACHY E. MANNION**
                                      **United States District Judge**

**Dated: November 12, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1060-01.wpd